**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) SAMANTHA J. WISHON<br><br>Plaintiff,<br>v. | **Case No.: 5:23-cv-00768-J** |
| (1) OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, and<br>(2) OKLAHOMA HIGHWAY PATROL,<br><br>Defendants. | **(Removed from the Oklahoma County District Court Case No.: CJ-2023-3374)** |

**DEFENDANTS' MOTION TO RECONSIDER**
**AND BRIEF IN SUPPORT**

Defendants Oklahoma Department of Public Safety ("DPS") and Oklahoma Highway Patrol ("OHP") hereby request that the Court reconsider the portion of its Order of October 10, 2023 [Doc. 5] finding that Defendants waived their sovereign immunity from liability related to Plaintiff's claims under the ADA and FMLA as a result of Defendants' removal to federal court. While Defendants explicitly reserved all available immunity defenses in their Notice of Removal [Doc. 1] and asserted sovereign immunity from liability within their Motion to Dismiss [Doc. 3], Defendants apologize for not articulating more fully the current and controlling status of the law on removal within the Tenth Circuit. This controlling Tenth Circuit caselaw makes clear that, through removal, a State may waive its immunity from suit in the federal forum while still retaining its sovereign immunity from liability on particular claims. Based on that controlling law, Defendants seek reconsideration of the portion of the Court's Order of October 10, 2023

[Doc. 5] finding Defendants waived sovereign immunity from Plaintiff's claims under the ADA and FMLA. In support, Defendants assert the following.

**STANDARD FOR RECONSIDERATION**

"Grounds warranting a motion to reconsider . . . include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servant of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider is proper 'where the court has misapprehended the facts, a party's position, or the controlling law," but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Wiederstein v. Wal-Mart Stores, Inc.*, 2022 WL 19263948 (Sept. 20, 2022) (quoting *Paraclete*, 204 F.3d at 1012); *see also United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Additionally, "where, as here, a party's motion seeks reconsideration of a *non-final order*, such relief falls within the Court's discretionary power to revisit and amend its interlocutory orders as justice requires." *Equal Emp. Opportunity Comm'n v. Jetstream Ground Servs., Inc.*, 2016 WL 879625, at *1 (D. Colo. Mar. 8, 2016) (emphasis added) (citing *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.") and Fed. R. Civ. P. 54(b)); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to

reopening at the discretion of the district judge.") (quotation omitted); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment").

## ARGUMENT AND AUTHORITY

### Removal of this case to federal court does not waive Defendants' sovereign immunity from Plaintiff's ADA and FMLA claims.

In its Order [Doc. 5] granting in part and denying in part Defendants' Motion to Dismiss, the Court relied upon *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 122S.Ct. 164 (2002), to find that Defendants waived both forum and liability sovereign immunity through removal of this case to federal court. [Doc. 5 at p. 3] However, in *Lapides*, the Supreme Court only addressed waiver of forum sovereign immunity as to state law claims that were not barred under state statute by liability sovereign immunity and that could have been litigated against the state in state court prior to removal. *Id*. Those circumstances are not presented here, and the *Lapides* holding does not impact Defendants' assertion of sovereign immunity from liability on Plaintiff's ADA and FMLA claims following removal. As explained more fully below, the Tenth Circuit has since specifically addressed the situation presented here left unanswered in *Lapides*.

In *Lapides*, a state employee sued the state of Georgia in state court on state and federal law claims. *Lapides*, 535 U.S. at 616. The Georgia defendants removed the case to federal court and sought dismissal. *Id*. Doing so, the state defendants specifically

"conced[ed] that a [Georgia] state statute had waived sovereign immunity from state-law suits in state court, [yet] argued that, by virtue of the Eleventh Amendment, it remained immune from suit in federal court." *Id*. at 616-17. The Supreme Court granted certiorari "to decide whether a state waives its Eleventh Amendment immunity by its affirmative litigation conduct when it removes a case to federal court." *Id*. at 617. Doing so, the Supreme Court specifically emphasized:

> It has become clear we must limit our answer to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings.

*Id*. The Court explained "because Lapides' only federal claim against the State" was invalid under 42 U.S.C. § 1983, the case did "not present a valid federal claim against the State." *Id*. Indeed, only state-law claims remained, and the state defendants *conceded those state-law claims would have been barred by the Georgia state statute waiving immunity in state court*. *Id*. To be sure, in *Lapides* the Supreme Court specifically declined to "address the scope of waiver by removal in a situation *where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court*." *Id*. at 617-18 (emphasis added). That is precisely the divergent circumstance presented here. Pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. §§ 151 *et seq*., Oklahoma's "underlying sovereign immunity from suit has not been waived or abrogated in state court." *See id*.

The Tenth Circuit specifically addressed the *Lapides* holding in *Trant v. Oklahoma*, 754 F.3d 1158, 1172-74 (10th Cir. 2014), and distinguished a state's waiver of immunity

from suit, through removal, versus waiver of immunity from liability. In *Trant*, the Tenth Circuit explained:

> . . . *Lapides* only tells half the story. A state enjoys another kind of sovereign immunity besides immunity from suit that it may invoke *even after agreeing to removal*—immunity from liability. Because immunity is an inherent aspect of sovereignty that the states retained upon entering the Union, *Alden v. Maine*, 527 U.S. 706, 713 (1999), it follows that *state law should determine the nature and scope of a state's immunity*.

*Id.* at 1172 (emphasis added). The *Trant* Court noted that while a state waives its immunity from the federal forum through removal, "'nothing in *Lapides* suggests that a state waives any defense it would have enjoyed in state court—including immunity from liability for particular claims.'" *Id*. at 1172-73 (quoting *Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013), *cert. denied*, —U.S.—, 134 S.Ct. 958 (2014). The *Trant* Court further noted:

> Unlike effecting a waiver of immunity from suit through removal, however, "the state's waiver or retention of a separate immunity from liability is not a matter in which there is an overriding federal interest justifying the application of a federal rule." A state does not gain an unfair advantage asserting in federal court an affirmative defense it would have had in state court.

754 F.3d at 1173 (internal citation omitted). Accordingly, the Tenth Circuit "recognize[d] that a state may waive its immunity from suit in a federal forum while retaining its immunity from liability." *Id*.[1]

[1] In so finding, the *Trant* Court noted that recognition of a state's waiver of "immunity from suit while retaining immunity from liability for monetary damages is consistent with [its] holding in *Estes v. Wyoming Dept. of Transp.*, 302 F.3d 1020 (10th Cir. 2002)." *Trant*, 754 F.3d at 1173.

Since *Trant*, the Tenth Circuit in *Bright v. Univ. of Okla. Bd. of Regents*, 705 Fed. App'x 768, 769 (10th Cir. 2017),[2] addressed directly whether removal waived sovereign immunity from liability for a claim under Title I of the ADA. The Tenth Circuit held it did not. *Id.* (finding "Congress has not abrogated immunity to ADA employment claims . . . [a]nd Oklahoma has retained is sovereign immunity," citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) and the OGTCA, respectively).

Additionally, Judge DeGiusti, Judge Friot, and Judge Russell of the Western District of Oklahoma have addressed this issue, and in each of those cases, this District Court has found sovereign immunity from liability was not waived due to the state defendants' removal. In *Andrews v. Okla. Workers' Comp. Comm.*, the Court granted dismissal of the plaintiff's claims under the ADA and ADEA following the state defendant's removal because "Oklahoma has not consented to suit or liability under the ADA or ADEA in its Government Tort Claims Act." No. CIV-21-609-R, 2021 WL 4699075, at *3 (W.D. Okla. Oct. 7, 2021). In *Andrews*, the District Court specifically applied the holdings of *Lapides* and *Trant* to conclude: 1) "[s]overeign immunity encompasses two separate but related concepts: immunity from suit and immunity from liability"; 2) state law "'determine[s] the nature and scope of a state's immunity'"; and 3) "'nothing in *Lapides* suggests that a state waives any defense it would have enjoyed in state court—including immunity from liability for particular claims.'" *Id*. at *2-*3 (quoting *Trant*, 754 F.3d at 1172-73) (original citation omitted). Also, in *Driskill v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, this

[2] A copy of this opinion is attached for the Court's convenience as Attachment 1.

Court concluded after removal that "Eleventh Amendment immunity bars plaintiff's FMLA claims against the University, and those claims should be dismissed without prejudice pursuant to Rule 12(b)(1)." No. CIV-21-24-F, 2021 WL 1947870, at *2-*3 (W.D. Okla. May 14, 2021). Similarly, in *Hall v. Oklahoma Department of Rehabilitation Services*, the Court found "removal . . . did not waive [the state defendant's] objection to ADEA liability on the basis of sovereign immunity" because the state defendant "noted in its removal that it reserved and did not waive the right to immunity from liability," Congress has not validly abrogated the States' sovereign immunity through the ADEA, and the GTCA likewise does not waive the state's sovereign immunity. No. CIV-17-497-D, 2018 WL 991543, at *2-*4 (W.D. Okla. Feb. 20, 2018).[3]

Oklahoma's immunity from liability is statutorily reserved and embodied the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq*. In particular, 51 O.S. § 152.1(B) states in part that "[t]he state, only to the extent and in the manner provided in this act, waives its immunity…" The OGTCA does not waive its sovereign immunity for claims under the ADA or the FMLA (nor do any other Oklahoma statutes, as addressed more fully in Defendants' Motion to Dismiss). *See* 51 O.S. § 153. Again, no express waiver of sovereign immunity as to liability has occurred as to Plaintiff's claims under Title I of the ADA and Self-Care provision of the FMLA.

---

[3] Judge Goodwin was asked to address this issue in *Ramirez v. Oklahoma ex rel. Bd. of Regents for the Regional University System of Oklahoma*; however, Plaintiff withdrew her ADA and FMLA self-care claims in her response to the motion to dismiss, conceding that dismissal was appropriate. No. CIV-20-845-G, 2021 WL 77471, at *3 (W.D. Okla. Jan. 8, 2021).

Defendants also explicitly reserved all immunity defenses available to them in their Notice of Removal. [Doc. 1 at ¶¶ 4, 6, and opening paragraph]. Defendants also specifically asserted in their Motion to Dismiss entitlement to sovereign immunity from Plaintiff's claims under Title I of the ADA and the Self-Care provision of the FMLA. [Doc. 3 at 4-6]. Plaintiff did not file any response to Defendants' Motion to Dismiss asserting these defenses. Lastly, Plaintiff seeks only monetary relief, which would not take them outside the immunity protections at play here. Therefore, Defendants' immunity from liability was intact after removal and properly asserted in Defendants' Motion to Dismiss.

Based on the controlling law, the Court should reconsider its decision in its October 10, 2023 Order [Doc. 5] regarding Defendants' sovereign immunity from liability and find that Defendants' did not waive their sovereign immunity from Plaintiff's claims under the ADA and FMLA through removal—sovereign immunity which has not been abrogated by Congress, is specifically embodied in the OGTCA, and was explicitly reserved in Defendants' Notice of Removal and asserted in their Motion to Dismiss.

## CONCLUSION

For these reasons, Defendants respectfully request the Court reconsider in part its Order [Doc. 5], reverse the portion of the order finding waiver by removal and dismiss Plaintiff's claims under the ADA and FMLA based on Defendants' claims of sovereign immunity from liability.

Respectfully submitted,

s/ Erin M. Moore

**ERIN M. MOORE, OBA # 20787**
**KATIE A. WILMES, OBA # 33642**
Assistant Attorneys General
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Tele: (405) 521-3921
Fax: (405) 521-4518
Erin.Moore@oag.ok.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day October, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants.

s/ Erin M. Moore
Erin M. Moore