UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SAMANTHA J. WISHON )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>(1) OKLAHOMA DEPARTMENT OF )<br>    PUBLIC SAFETY, and )<br>(2) OKLAHOMA HIGHWAY PATROL, )<br> )<br>Defendants. ) | Case No. CIV-23-768-J |

## ORDER

Before the Court is Defendants Oklahoma Department of Public Safety and Oklahoma Highway Patrol's (Defendants) Motion to Reconsider (Mot. to Recons.) [Doc. No. 6],[1] to which Plaintiff did not respond.

Plaintiff initiated this action in state court asserting claims under the Americans with Disabilities Act (ADA), the Oklahoma Anti-Discrimination Act (OADA), and the Family Medical Leave Act (FMLA). Defendants, following removal to federal court, moved to dismiss these claims, *see* (Mot. to Dismiss) [Doc. No. 3], a request the Court granted in part and denied in part on October 10, 2023, *see* (Order) [Doc. No. 5]. Relevant here, the Court permitted Plaintiff's ADA and FMLA claims to proceed, finding that Defendants, upon removal, waived their Eleventh Amendment sovereign immunity from suit in federal court.[2] *See id.* at 3. Defendants now ask for reconsideration.

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] The Court did not, despite Defendants' characterization, "find that Defendants waived both forum and liability sovereign immunity through removal of this case to federal court." Mot. to Recons. at 3. Instead, the Court addressed only waiver of Eleventh Amendment sovereign immunity from federal suit. *See* Order at 3 ("The Eleventh Amendment provides that the Judicial power of the

"Where, as with this motion, a party seeks reconsideration of a non-final order, the Court has plenary power to revisit and amend the interlocutory order as justice requires." *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV–08–668–R, 2011 WL 7053791, at *1 (W.D. Okla. Sept. 14, 2011). A motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In seeking reconsideration, Defendants point to the distinction between sovereign immunity from federal suit under the Eleventh Amendment and sovereign immunity from liability under state law, as recognized by the Tenth Circuit in *Trant v. Oklahoma*, 754 F.3d 1158, 1172–73 (10th Cir. 2014). Specifically, Defendants argue that under the Oklahoma Governmental Tort Claims Act (OGTCA), they retained immunity from liability on Plaintiff's ADA and FMLA claims despite removal. *See* Mot. to Recons. 4–8. They contend that such an argument was presented in their prior motion to dismiss. *See id.* at 1, 8.

This Court is well aware of the *Trant* decision. There, the Tenth Circuit recognized that "[a] state enjoys another kind of sovereign immunity besides immunity from suit that it may invoke even after agreeing to removal—immunity from liability." *Trant*, 754 F.3d at 1172. Notably, though, the nature and scope of this immunity is determined by "state law," *see id.*, distinct from Eleventh Amendment immunity, *see Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 753 (2002) ("[T]he Eleventh Amendment does not define the scope of the States' sovereign

---

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State. As interpreted, a State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." (internal citations and quotation marks omitted)).

immunity; it is but one particular exemplification of that immunity."); *Bright v. Univ. of Okla. Bd. of Regents*, 705 F. App'x 768, 769 n.2 (10th Cir. 2017) ("A state that removes a case to federal court waives its Eleventh Amendment immunity from suit in federal court but not its sovereign immunity from liability.").

Upon the Court's initial review of Defendants' prior motion to dismiss, it appeared Defendants were asserting only sovereign immunity from federal suit under the Eleventh Amendment. This is because Defendants repeatedly set forth general principles of sovereign immunity under the Eleventh Amendment, *see, e.g.*, Mot. to Dismiss at 5 ("Therefore, unless Congress specifically abrogates the States' sovereign immunity, the Eleventh Amendment controls."),[3] and they neither cited *Trant* nor discussed the impact of removal on sovereign immunity, *see id.* at 4–6.

That said, Defendants did, albeit minimally, recognize Oklahoma's adoption of sovereign immunity.[4] *See id.* at 4. And with the benefit of Defendants' subsequent brief, it is now apparent they sought to assert sovereign immunity from liability under state law.

As recognized above, a state may waive its Eleventh Amendment immunity from federal suit while retaining immunity from liability under state law. Oklahoma does just that through the

---

[3] Defendants' prior motion to dismiss "seems to conflate the concepts of a state's 'sovereign immunity' from suit in state court with a state's Eleventh Amendment immunity in federal court. But Eleventh Amendment immunity is a subset of a state's inherent sovereign immunity. State sovereign immunity protects states from suit and damages in their own courts; the Eleventh Amendment extends such sovereign immunity to the states for actions initiated against them by their citizens in federal court." *Arbogast v. Kan., Dep't of Lab.*, 789 F.3d 1174, 1181 n.3 (10th Cir. 2015) (internal citations omitted).

[4] In doing so, Defendants cited to the definitions section of the OGTCA, Okla. Stat. tit. 51, § 152. *See* Mot. to Dismiss at 4. They presumably meant to cite § 152.1(A), which adopts the doctrine of sovereign immunity from liability. *See* Okla. Stat. tit. 51, § 152.1(A). And they presumably meant to discuss whether Plaintiff's ADA and FMLA claims fall within the OGTCA's grant of sovereign immunity.

OGTCA, which codifies the doctrine of sovereign immunity and delimits Oklahoma's waiver of its immunity. *See* Okla. Stat. tit. 51, §§ 152.1, 153. Looking to the OGTCA, "Oklahoma has not consented to suit or liability under the ADA or [FMLA]." *Andrews v. Okla. Workers' Comp. Comm'n*, No. CIV-21-609-R, 2021 WL 4699075, at *3 (W.D. Okla. Oct. 7, 2021) (citing Okla. Stat. tit. 51, § 153). Plaintiff's ADA and FMLA claims are therefore subject to dismissal on sovereign immunity grounds.

Accordingly, the Court GRANTS Defendants' Motion to Reconsider [Doc. No. 6]. Because only Plaintiff's OADA claim remains,[5] this matter is REMANDED back to the District Court of Oklahoma County, State of Oklahoma. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

IT IS SO ORDERED this 15th day of December, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[5] Defendants raised sovereign immunity only as to Plaintiff's ADA and FMLA claims. *See* Mot. to Dismiss at 2, 4–6.